IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

RETHA QUALLS, )
)
       Plaintiff, )
)
v. ) No. CIV-11-205-FHS
)
FAMILY SHELTER OF S. OKLAHOMA, )
)
       Defendant. )

**OPINION AND ORDER**

    This matter is before the Court on the Motion for Summary Judgment (Dkt. No. 19) filed by Defendant, Family Shelter of S. Oklahoma ("Family Shelter"). In its motion, Family Shelter contends it is entitled to summary judgment on Plaintiff's claims for (1) retaliation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206, and (2) violation of Oklahoma public policy. In response, Plaintiff confesses the FLSA claim by acknowledging that Family Shelter is not a covered entity under the FLSA. Consequently, the Court finds that summary judgment is appropriate in favor of Family Shelter on Plaintiff's FLSA claim.

    This action was removed from the District Court of Carter County, Oklahoma, by virtue of Plaintiff's FLSA claim giving rise to federal question jurisdiction under 28 U.S.C. § 1331. Having granted summary judgment to Family Shelter on the only claim supporting federal subject matter jurisdiction, the Court must consider whether to continue to exercise jurisdiction over the remaining public policy tort claim, or Burk claim. 28 U.S.C. § 1367(c)(3) provides that the Court "may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction."

1

In determining whether it should exercise its discretion and exercise supplemental jurisdiction, the Court considers the factors of judicial economy, convenience, fairness, and comity. City of Chicago v. International College of Surgeons, 522 U.S. 156, 173 (1997). As this action is in the relatively early stages of the proceedings and there does not appear to be any inconvenience to proceeding in state court, the factors of judicial economy, convenience, and fairness tip slightly in favor of remand. Of particular importance in this litigation is the issue of comity. Typically, "notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary." Thatcher Enterprises v. Cache County Corp., 902 F.2d 1472, 1478 (10th Cir. 1990). Thus, when federal claims are resolved prior to trial, the district court's "most common response" is to decline to exercise jurisdiction over state law claims and allow the plaintiff to pursue them in state court. Ball v. Renner, 54 F.3d 664, 669 (10th Cir. 1995). A remand is particularly appropriate in cases where the state law claim is "in a process of current evolution." Id. Here, the contours of the Oklahoma public policy tort, or Burk claim, are constantly evolving and principles of comity weigh in favor of a state court addressing the respective arguments of the parties and clarifying the contours of Oklahoma public policy tort law. Consequently, after weighing the relevant factors, the Court finds it appropriate to decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claim.

Based on the foregoing reasons, Family Shelter's Motion for Summary Judgment (Dkt. No. 19) is granted, in part, as to Plaintiff's FLSA claim. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim, or Burk claim, and finds that it lacks subject matter jurisdiction over the

remainder of Plaintiff's action.  This case is therefore ordered remanded to the District Court of Carter County, Oklahoma, pursuant to 28 U.S.C. § 1447(c).  The Clerk of the Court is directed to remand this case to the District Court of Carter County, Oklahoma.

It is so ordered this 25th day of April, 2012.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma